Final case on our call this morning is agenda number 7, number 129, 425, People of the State of Illinois v. Kareem Johanson. Counsel for the appellant, are you prepared to proceed? Good morning, your honors, and may it please the court. My name is Anthony J. Santella and I represent Kareem Johanson in this appeal. This appeal presents the question of whether Section A.1 of the Predatory Criminal Sexual Assault Statute shares identical elements with Section C.1 of the Aggravated Criminal Sexual Abuse Statute. The identical elements test requires the court to compare elements of each offense as set forth in the statutes defining it. For Section A.1 of Predatory Criminal Sexual Assault, the factors are 1. that the accused is 17 years of age or older, 2. that the victim is under 13, 3. that there is an act of contact between the sex organ or anus of one person with the body part of another, 4. that that contact is for the purpose of sexual gratification or arousal. The factors for aggravated criminal sexual abuse are 1. that the accused is the age of 17 or older, 2. that the victim is under the age of 13, and 3. that there is an act of sexual conduct, which means an act of contact between the sex organ or anus of one person with the body part of another for the purpose of sexual gratification or arousal. Put simply, these offenses do share identical elements. It is true that sexual conduct as a definition encompasses a wider variety of conduct that might make up the elements of aggravated criminal sexual abuse and other charges. However, that does not defeat the claim that the two statutes at issue share identical elements. The reasoning is that when aggravated criminal sexual abuse is based on sexual conduct to mean contact between the sex organ or anus of one person with the body part of another, it's punished less severely than an offense with identical elements, that is predatory crime. This is the same reasoning employed by this court in the Clemens case, which this court was analyzing a claim of identical elements between armed robbery, well armed with a firearm, and armed violence based on robbery with a Category 1 or 2 weapon. The state had claimed that armed violence encompassed a wider variety of conduct, and this court said, agreed that armed violence did encompass a wider variety of conduct, but the point is, when armed violence was based on robbery with a Category 1 or 2 weapon, it shared identical elements with the offense with a greater penalty. The same is true here. Aggravated criminal sexual abuse under that definition of sexual conduct shares those identical elements with predatory criminal sexual assault. The offenses also have disparate penalties, with predatory crime having a range of 6 to 60 years, and aggravated crime having a range of 3 to 7 years. The legislature has determined that the same offense merits two different penalties. Accordingly, the greater penalty cannot stand. I'd like to discuss the remedy. I believe that the remedy in Christie's still applies in this case, and that this court should enter a conviction for aggravated criminal sexual abuse and remand for re-sentencing on that count. It is true that Housechild and Clemens discussed the remedy for sentences with amended sentencing statutes. That is to say, criminal statutes, or the sentencing statute specifically, where the legislature added a 15-20-25 sentencing enhancement that created the unconstitutional disproportionality. Notably, neither Housechild nor Clemens ever purport to overrule Christie on the remedy. Instead, Housechild and Clemens say, when it's the amended sentencing statute, revert to the pre-amended version. I believe Christie is still good law and good authority to allow this court to enter the conviction on the offense with the lesser penalty, which the legislature did authorize as a criminal offense for these elements, and remand for re-sentencing on that count. In addition, this is still a workable remedy that public courts and trial courts who are confronted with claims of identical elements can work through. As noted in the People v. Spann case, which was a First District case, where the First District appellate court analyzed the remedy in Christie and the remedy in Housechild and said, well, Christie is one you have two offenses with the same elements, but different penalties. The greater penalty is unconstitutional, the lesser penalty goes, versus Housechild, which is amended sentencing statutes. Clearly, the courts are able to work out this distinction, and the same can be said for this case. Therefore, if your honors have no questions, this court should find that there are identical elements in these offenses, vacate the conviction of predatory crime, enter a conviction for aggravated criminal sexual abuse, and remand for re-sentencing on that count. Thank you, Counselor. Counsel for the afternoon. Thank you. Good morning, your honors. Thomas Larkin of the Police of the Court. Excuse me. Assistant Attorney General, Darcy Fisher for the People. Your honors, this is not a situation where the General Assembly has created one crime in two different places and assigned it different sentences. That's a situation that offends the proportion of penalties caused because the greater of those sentences necessarily disproportionate, necessarily an error where the General Assembly has decided that a lesser sentencing range is what the appropriate sentence is for this offense. Here, the offenses have different elements. And this is evident from the fact that there is some conduct that violates one offense but does not violate the other. For example, the defendant here was charged with massaging the partially naked body of his daughter for purposes of sexual gratification. That conduct, if it had been proven beyond a reasonable doubt, would have satisfied the elements of aggravated criminal sexual abuse but would not have constituted predatory criminal sexual assault of a minor, which, as my friend acknowledges, requires direct physical contact with the sex organs of either the victim or the defendant. Now, my friend acknowledges that the identical elements test asks this court to look at the elements of the offense as drafted by the General Assembly, but then his argument turns on the elements of the offense as described in the charging instrument. It's the same error that the Fourth District made, for example, in its decision in Becker of looking at this court's reasoning in cases like Hernandez and Ligon and thinking that they were dependent on the facts as charged in those cases. Now, take Hernandez, for example. To be sure, the tin snips that were at issue there satisfied the dangerous weapon other than a firearm element of armed robbery but not the Category 3 weapon element of armed violence. But the outcome of the case wouldn't have been different if the defendant there had committed his robbery with a billy club or a blackjack. It would not be the case that the armed robbery statute was facially unconstitutional, void ab initio, based on the weapon that the defendant in that particular case had chosen to use. So the fact that the facts described here satisfy the elements of predatory criminal sexual assault of a minor and aggravated criminal sexual abuse merely demonstrates that aggravated criminal sexual abuse is a lesser-included offense in this case because, of course, for the lesser-included offense analysis, we do look at the charging instrument. The identical elements test asks the court to look no further than the elements as drafted by the General Assembly. My friend is also incorrect that Houschild and Clemens created a rule that goes beyond the identical elements test because this court has consistently articulated it from Christie through Sharp and on into Williams and Ligon and Hernandez more recently. The court interpreted armed robbery with a firearm and armed violence with a Category 1 or a Category 2 weapon predicated on robbery as having identical elements. In other words, the exact same set of conducts satisfied those two offenses. The predicate felony in an armed violence case essentially becomes the element of the offense. Just like robbery is an element of armed robbery, robbery is an element of armed violence predicated on robbery. So they work a little bit differently. To hold otherwise would revive all of the problems that this court attempted to correct by getting rid of the cross-comparison test in Sharp. As it works now, the identical elements test only asks this court to look and see if the General Assembly made the obvious error of creating the same crime in two different places with two different sentencing ranges, whereby the higher sentence necessarily offends a proportion penalty clause. Otherwise, you end up with a rule that is hard to administer because we know from Hernandez and Ligon that there can be some overlap in the definitions of the elements. But my opponent's position here is that this is too much overlap. And now the court will be determining, well, how much overlap is too much overlap? When is it just a lesser-included offense? When are the elements similar enough that they constitute identical elements? Back to looking at questions like which is the more specific offense, the more general offense? Which is the more serious offense? All of the problems with the cross-comparison test get revived if this court treats House Sheldon Clements as somehow having broadened the identical elements test beyond what it has always clearly articulated, a situation where the General Assembly has created one crime in two different places. We know here that that's not the case. There is conduct that violates one of these offenses and not the other. It is well within the General Assembly's discretion and authority to set different proportionate penalties for two different offenses, even where one can be a lesser-included offense than the other. That was the case in Hernandez, in Ligon, in Williams, and so, too, it is the case here. If the court doesn't have questions on the substance of the identical elements test, just very quickly on the remedy. I think the parties are in agreement here. The remedy that was created in House Sheldon and followed in Clements can't be administered here because there is no earlier version of the offense where defendant's conduct would violate the offense and it wouldn't have a greater penalty range. So returning to the remedy from Christie for a situation like this one would be the appropriate remedy. However, because the elements of these offenses are not identical, there is no proportionate penalties clause violation here. And so if the court doesn't have any questions, people would ask that this court affirm the judgment of the appellate court affirming the defendant's conviction and sentence.  Thank you, Your Honor. And in rebuttal, Mr. Santella. Thank you, Your Honors. I'd like to respond to a few points. The first is that the defense's argument is based on something subjective or based on the facts of the charge. That's not what the defense has requested. The defense is asking for this court to employ the objective test used for identical element claims. And when those statutes are compared using that objective test, it shows that the elements are identical as contained in the statutes from where you find those offenses. I'd also like to distinguish Hernandez. Opposing counsel has said that the defense is making the same error as this court had recognized in Hernandez, where there was a different definition for the term dangerous weapons in one charge versus the other. This case is not like Hernandez. To be clear, both Hernandez and Ligon were analyzing offenses that used the term dangerous weapon that came from a common law definition and were comparing whether those offenses share identical elements with armed violence, where the legislature specifically enumerated what was a dangerous weapon. In fact, in Hernandez, this court said that the term dangerous weapon as coming from a common law is a question of fact. In other words, are these tin snips a bludgeon? That is a dangerous weapon for that offense, as opposed to what would be in armed violence based on a Category 3 weapon. That's not the same as this case, because there is not a separate common law definition versus statutory definition that's being used for the term sex organ or anus. They're both found in the predatory criminal statute and the aggravated criminal statute in its definition of sexual conduct, and they have the same meaning. There's nothing to suggest, and the state has not brought anything forward to suggest that those terms have different meanings based on the statutes in which they're found. So, this case is not like Hernandez and Ligon, and in Hernandez and Ligon, the tin snips or the BB gun could be a dangerous weapon for one offense, but not another. In this case, the contact of a sex organ or anus by another person is going to be the same as in predatory criminal sexual assault and an aggravated criminal sexual abuse. Now, I'd like to also briefly respond to the argument that the defense is simply presenting a claim that these are lesser included offenses. That is not the case. There's obviously different ways to argue lesser included offenses, but I think just to sum it up, there could be, if this was a claim of lesser included offenses, there would be maybe some implication that one statute contained an additional element that was not contained in the other statute. That's not what's going on here. The defense is saying that when these two statutes are laid out side by side, they have the same elements. It's not as if you're talking about robbery versus armed robbery, where you could argue that robbery was a lesser included offense of armed robbery. When you have predatory criminal sexual assault and the four elements I laid out earlier, and an aggravated criminal sexual abuse with the same elements, there's nothing lesser included to those and there's no additional element that would need to be proved. Instead, the legislature simply said that this offense merits two different penalties, which is unconstitutional in Illinois. Two brief points to conclude. The first is that the parties are not in agreement on the remedy. I take opposing counsel's statements to mean that he finds House Child or Clemens' remedy unworkable in this case, because it cannot be reverted to a previous version of the predatory criminal sexual assault statute. That's not the correct remedy that would apply here, because this case does not concern amended sentencing statutes. The holding in House Child is pretty clear. It says, we hold, as in this court held, that when an amended sentencing statute contains the unconstitutional disproportionality, then you revert to the pre-amended version of the statute. The defense doesn't have any quarrel with that as a means for how to remedy a case of identical elements in that situation. That's just not the situation we have here. This is a case where you have two criminal offenses with the same elements in different penalties. And the remedy in Christie, which is still good law and has not been overruled and was not overruled in House Child or Clemens, is to enter the conviction on the lesser offense in remand for sentencing on that offense. And that's the remedy that is appropriate here based on the case law, based on what this court has done, and other courts have been able to apply that remedy. This is a workable remedy and a workable way to go forward with the identical elements test. Nor is this like, you know, this is not like a cross-comparison analysis that became unworkable. The fact that the Span Court, the First District Court, in the case People v. Span, is able to see this distinction and actually work it through and say, well, no, the amended sentencing statute revert to the pre-amended version, but when it's two cases with different penalties, you need to go with the lesser penalty, shows that this is a workable test, and there's no reason to depart from that. If anything, a finding favorable to Mr. Johanson would help for lower courts to be able to simply apply the test as it already exists by having that explicit language to lay out. Here's what happens when there's an unconstitutional disproportionality for amended sentencing statutes versus a situation like you have here. So just to briefly conclude, this is not a case where there is an additional element in one of the offenses that needed to be proved. This is not a case of lesser included offenses. This is not a case like Williams where the court found that there was an additional location element. This is a case where the offenses are identical. They share the same elements. One, the accused is age 17 or older. Two, the victim is under the age of 13. Three, there is contact between the sex organ and anus of one person by the body part of another. And four, that contact is for the purpose of sexual gratification or arousal. Unless this court has any questions for me, I'll conclude by saying this court should vacate the conviction for predatory criminal sexual assault, enter a conviction for aggravated criminal sexual abuse, and remain for resentencing on that charge. Thank you. Thank you both. This case, Agenda Number 7, Number 129425, Public State of Illinois v. Quorum, M. Johanson, will be taken under review.